Merrimack,
No. 4642.

FOODMASTER, INC. *v.* JOHN W. MOYER, SR. & a.

Submitted May 7, 1958.
Decided May 29, 1958.

*William D. Tribble* and *Norman Plante* for the plaintiff, furnished no brief.

*Green, Green, Romprey & Sullivan* for the defendants.

DUNCAN, J. The conditional sales contract executed under date of November 24, 1953, by the defendants, who are husband and wife, provided for sale to them of a Kelvinator freezer for a total price of $726, including finance charges. A balance of $696 remaining after down payment of $30 was payable in monthly

installments of $29 each. The freezer was shipped to the defendants by a Kelvinator distributor in Massachusetts. The defendants paid nine installments before default, and the plaintiff seeks to recover the unpaid balance of $435.

There was evidence that the freezer did not operate satisfactorily and in September 1954 wholly ceased to function. The defendants thereupon stopped payments. It appeared that following complaints by the defendants made either to the plaintiff or to a finance company which held the contract at the time, a repairman called at the defendants' premises but made no repairs because of his unfamiliarity with the unit. The named defendant testified that he notified the plaintiff or the finance company to either repair or replace the unit, but had received no response.

In the course of the trial it appeared that a New Hampshire corporation having the same name as the plaintiff was dissolved by the Legislature in June 1955. Laws 1955, c. 448. The treasurer of the plaintiff then testified that the plaintiff was a Massachusetts corporation; and it was agreed by counsel that it had never registered in this state as a foreign corporation.

RSA 300:8 provides that so long as a foreign corporation fails to comply with the registration requirements of that chapter "no action shall be maintained or recovery had in any of the courts of this state" by such corporation. It is unnecessary to consider the effect of this statute however since the verdict is sustainable upon other grounds.

The defendant's testimony warranted a finding that there was a breach of an implied warranty of fitness. The Uniform Sales Act provides that the defendant buyers were entitled to "treat the fulfillment by the seller of his obligation to furnish goods . . . as warranted . . . as a condition of [their] obligation . . . to accept and pay for the goods." RSA 346:11 II. Under this provision, the buyers could properly offer their claim of breach of warranty as a defense to the plaintiff's action. *Pullen* v. *Johnson*, 67 S. D. 173; anno. 130 A. L. R. 753, 761. See also, 3 Williston on Sales (Rev. ed.) s. 607a, p. 342.

We find nothing in the Uniform Conditional Sales Act (RSA ch. 361), adopted in 1945, which precludes application of the quoted provisions of the Sales Act to a contract of conditional sale. See 2 U. L. A. 5, s. 2, note, and supplement. The Conditional Sales Act is for the most part devoted to definition of the rights of the parties on repossession and resale of the goods. See *Randall* v.

*Pingree,* 100 N. H. 322. Consistently with the Sales Act, however, it provides that "The seller shall be liable to the buyer for the breach of all . . . warranties . . . whether or not the property in the goods has passed to the buyer." RSA 361:2. *Cf.* RSA 346:69. No reason is apparent why the buyer may not assert such a liability on the part of a conditional seller as a defense to a suit for the purchase price, instead of seeking to enforce it by an affirmative action for breach of warranty. *Pullen* v. *Johnson, supra.* We conclude that the Trial Court could properly find the defendants under no obligation to pay the balance of the purchase price. RSA 346:11 II, *supra.*

The plaintiff's general exception to the finding for the defendants raises no question not apparent upon the face of the record (*Eastman* v. *Waisman,* 94 N. H. 253), and any subsidiary findings necessary to sustain the verdict will be implied. *Wilson* v. *Goodnow,* 98 N. H. 110; *York* v. *Misiak,* 95 N. H. 437. See also, *Chabot* v. *Shiner,* 95 N. H. 252, 255.

Accordingly the order is

*Judgment on the verdict.*

WHEELER, J., took no part in the consideration of this case; the others concurred.